IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ARTHUR JACOB BRASS, | § | Case No. 21-60025 |
| | § | |
| Debtor. | § | |
| | § | |
| VITOL INC. | § | |
| | § | |
| v. | § | Adversary No. |
| | § | |
| ARTHUR JACOB BRASS | § | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS**

Vitol Inc. (the "**Vitol**" or "**Plaintiff**") files this original adversary complaint against Arthur Jacob Brass ("**Brass**" or "**Debtor**") and, in support thereof, would respectfully show this Court as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

2. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter final judgment on the merits of this case.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 based on the pendency of the above-captioned bankruptcy case in this Court.

**II. PARTIES**

4. Plaintiff Vitol Inc. is a Delaware corporation with its principal place of business at 2925 Richmond Avenue, Houston, Texas 77098. Plaintiff may be contacted through its undersigned counsel.

5. Defendant is the individual Debtor in the above-referenced chapter 7 case. Debtor may be served through Debtor's attorneys of record, or otherwise as provided by Federal Rule of Civil Procedure 4, made applicable under Federal Rule of Bankruptcy Procedure 7004.

### III. FACTUAL ALLEGATIONS

6. Vitol is an energy and commodities company that ships and trades crude oil and other related products. Gulf Coast Asphalt Company ("**GCAC**") markets and trades asphalt and other related products for sale to third parties. The Debtor Brass is the owner and President of GCAC.

7. In 2017, Vitol and GCAC considered entering into a joint marketing agreement to buy and sell asphalt. Although the joint venture ultimately did not materialize, Vitol agreed to finance GCAC's operations, including the purchase and storage of asphalt, on an interim basis. Vitol also provided GCAC with other funds necessary for its operations, including freight, demurrage, inspections, storage, hedging, and other related costs. GCAC, acting through Brass, agreed to and accepted these benefits while committing to repay Vitol with interest for the funds received. Vitol relied on Brass's representations that GCAC would pay for all expenses incurred by Vitol when Vitol decided to extend GCAC funds for its operations.

8. But Brass acted with no intention to pay Vitol back. After inducing Vitol into a business relationship with promises to fully reimburse Vitol for its services, Brass and GCAC refused to pay amounts justly due to Vitol. After the parties wound up the interim financing arrangement, GCAC and Brass owed Vitol at least $14,793,947 for the funds and services Vitol extended. During this interim financing arrangement, GCAC received funds from third parties for the sale of the asphalt; instead of using this money to repay Vitol, Brass and other members of GCAC used these proceeds for personal purchases.

9. During the course of the interim financing arrangement, Brass caused GCAC to transfer to both himself and his mother (GCAC's other owner) millions of dollars in undocumented and evergreen "loans." GCAC did not have any written agreements for these loans to Brass and his mother and there were no recorded repayment terms, due dates, or interest rates. GCAC also directly paid hundreds of thousands of dollars to the contractor building Brass's multi-million dollar vacation home, among other Brass personal expenses supported by GCAC.

10. In May 2018, Vitol sued Brass, GCAC, and—later—Trifinery ("**Trifinery**") and asserted claims of, among others, fraud, conversion, alter ego, and fraudulent transfers to recover the at least $14,793,947 that had not been repaid to Vitol. The parties initially resolved this litigation through an agreed judgment. On November 20, 2020 (the "**Judgment Date**"), the 295th Judicial District Court of Harris County, Texas entered an Agreed Final Judgment (the "**Judgment**") in Cause No. 2018-31578 in favor of Vitol against Brass, GCAC, and Trifinery. A true and correct copy of that Judgment is attached hereto as **Exhibit A** and is fully incorporated herein by reference. The Judgment awarded damages to Vitol in the amount of $10,000,000 jointly and severally against Brass, GCAC, and Trifinery and authorized post-judgment interest at 5% per annum from the Judgment Date until the award is satisfied.

11. Unfortunately, Brass again acted with no intention of paying Vitol the amounts owed when he induced Vitol to agree to settle the lawsuit and execute the Judgment. Neither Brass nor GCAC nor Trifinery satisfied the Judgment. The entire Judgment remains due and owing to Vitol along with post-judgment interest. Brass also made pre-settlement misrepresentations to Vitol regarding the accessibility of funds available to partially satisfy the judgment. Specifically, Brass represented to Vitol that he had a $1.5 million dollar certificate of deposit, which he could use to pay part of the Judgment. In actuality, Brass had pledged the entire certificate of deposit as

security for a maxed out line of credit as revealed when Vitol served a writ of garnishment on the bank holding the certificate. Brass also did not disclose the extensive other debts he had when he induced Vitol to settle its claims.

12. Vitol undertook extensive efforts to collect on the Judgment, but Brass refused to pay anything on the Judgment or to communicate, provide requested documents, or appear for deposition.

13. For example, Vitol served Brass with discovery requests relating to assets available to satisfy the Judgment, but he did not substantively respond whatsoever. Instead, Brass gave identical, deflecting answers for each response and did not provide a single responsive document. Even after the District Court ordered Brass to respond to Vitol's requests following Vitol's Motion to Compel, he refused to do so. Brass also failed to appear for deposition despite assurances he would be available to be deposed.

14. Vitol also diligently pursued other available post-judgment remedies, but was stifled by Brass's efforts to obstruct collection. Vitol sought writs of execution, multiple charging orders, and multiple writs of garnishment. But without discovery on the location of Brass's assets, Vitol was unable to collect anything on the Judgment. Shortly before filing for bankruptcy, Brass revealed that he kept large sums of money in his wife's accounts, including amounts traceable to the funding Vitol provided GCAC through the interim financing arrangement. Specifically, Brass indicated he moved some of the proceeds from sale of his vacation house—directly paid for in part by GCAC while Vitol was financing GCAC's operations—into his wife's account.

15. From the Judgment Date to present Vitol has received no money or other consideration in satisfaction of the Judgment.

16. Arthur Jacob Brass filed his voluntary petition for bankruptcy on March 26, 2021 (the "**Petition Date**").

## IV.  CLAIMS

**COUNT ONE:** Non-Dischargeability of All Debts Under 11 U.S.C. § 523(a)(2)(A)

13. Plaintiff re-alleges all of the preceding paragraphs as if fully incorporated herein.

14. Debtor obtained money from Vitol via false pretenses, false representations, and/or actual fraud.

15. As a proximate result of the Debtor's actions, Vitol suffered damages in the minimum amount of $10,000,000.

16. The damages Vitol suffered, including compensatory and punitive damages, are not dischargeable under 11 U.S.C. § 523(a)(2)(A).

**COUNT TWO:**  Non-Dischargeability of All Debts Under 11 U.S.C. § 523(a)(4)

17. Plaintiff re-alleges all of the preceding paragraphs as if fully incorporated herein.

18. The Debtor owed fiduciary obligations to Vitol as a result of the proposed partnership.

19. The Debtor breached those fiduciary obligations through his specific actions described above.

20. As a proximate result of the Debtor's actions, Vitol suffered damages in the minimum amount of $10,000,000.

21. The damages Vitol suffered, including compensatory and punitive damages, are not dischargeable under 11 U.S.C. § 523(a)(4).

**COUNT THREE:**  Non-Dischargeability of All Debts Under 11 U.S.C. § 523(a)(6)

22. Plaintiff re-alleges and incorporate the preceding paragraphs.

23. The Debtor willfully and maliciously caused injury to Vitol through his specific actions described above.

24. As a proximate result of the Debtor's actions, Vitol suffered damages in the minimum amount of $10,000,000.

25. The damages Vitol suffered, including compensatory and punitive damages, are not dischargeable under 11 U.S.C. § 523(a)(6).

## CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiff's claims for relief have been performed, have occurred, or have been waived.

## PRAYER

In light of the foregoing, Plaintiff prays for judgment against the Debtor Arthur Jacob Brass, and that the Court award Plaintiff the following relief:

a. The entry of judgment in favor of the Plaintiff awarding compensatory damages in an amount to be determined at trial, interest on such damages, and punitive and exemplary damages in an amount determined by the trier of fact;

b. The entry of an order determining that the debts the Debtor Arthur Jacob Brass owes to Vitol Inc. are nondischargeable and that the discharge, if ultimately granted in this case, shall not discharge the debts Arthur Jacob Brass owes to Vitol, Inc.;

c. That the Court enter a judgment awarding Plaintiff its attorneys' fees and expenses pursuant to 28 U.S.C. §§ 2201, 2202 or other applicable law;

d. That Plaintiff recovers costs of court, prejudgment interest, and post-judgment interest at the maximum rate allowed by law; and

e.  Such other and further relief, both special and general, at law and in equity, to which Plaintiff Vitol Inc. may show itself to be justly entitled.

Dated:  **July 9, 2021.**

Respectfully submitted,

By: */s/ Keith M. Aurzada*
 Keith M. Aurzada (SBN 24009880)
 Lindsey L. Robin (SBN 24091422)
 Devan J. Dal Col (SBN 24116244)
 **REED SMITH LLP**
 2501 N. Harwood, Suite 1500
 Dallas, Texas 75201
 T:  469.680.4200
 F:  469.680.4299
 kaurzada@reedsmith.com
 lrobin@reedsmith.com
 ddalcol@reedsmith.com

and

 Michael H. Bernick (SBN 24078277)
 Mason W. Malpass (SBN 24109502)
 **REED SMITH LLP**
 811 Main Street, Suite 1700
 Houston, TX 77002
 T:  713.469.3834
 F:  713.469.3899
 mbernick@reedsmith.com
 mmalpass@reedsmith.com

*Attorneys for Vitol Inc.*