IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | CASE NO. 21-60025 |
| ARTHUR J. BRASS | § | |
| DEBTOR | § | |
| | § | |
| VITOL INC. | § | ADVERSARY NO. 21-06006 |
| Plaintiff | § | |
| v. | § | |
| ARTHUR J. BRASS | § | |
| Defendants | § | |

### ARTHUR J. BRASS'S ANSWER TO AMENDED COMPLAINT FILED BY VITOL, INC.

**COMES NOW, Arthur J. Brass** (the "**Defendant**" or "**Debtor**") and files this his Original Answer to Vitol's Amended Complaint (Doc. No. 10) and respectfully shows the Court the following:

1. The Debtor admits the factual allegations contained in Paragraphs 1, 2 and 3 of the Complaint.

2. The Debtor is unable to admit the factual allegations contained in Paragraph 4 of the Complaint.

3. The Debtor admits the factual allegations contained in Paragraph 5 of the Complaint.

4. The Debtor is unable to admit or deny what type of company Vitol alleges that it is in Paragraph 6 of the Complaint. The Debtor admits that GCAC marketed and traded asphalt and other related products for sale to third parties, admits that he is the president of GCAC, admits that GCAC's other owner is his mother, admits that GCAC and Trifinery shared a place of business in Houston, Texas, admits that he had control over GCAC, and denies the remaining factual allegations contained in Paragraph 6 of the Complaint.

5. The Debtor denies the factual allegations contained in Paragraph 7 and 8 of the Complaint.

6. The Debtor is unable to admit or deny if there were other sources of working capital at that specific time, and denies the remaining factual allegations contained in Paragraph 9 of the Complaint.

7. The Debtor admits that GCAC received funds from third parties for the sale of the asphalt, and denies the remaining factual allegations contained in Paragraph 10 of the Complaint.
8. The Debtor admits that Brass had authority over GCAC's finances since at least 2017, admits that GCAC did not have written agreements between Brass and his mother, admits that he used funds he received from GCAC, and denies the remaining factual allegations contained in Paragraph 11 of the Complaint.
9. The Debtor admits the factual allegations contained in Paragraph 12 of the Complaint.
10. The Debtor admits that an initial settlement was reached, admits that he did not pay the $1.5 million payment, admits that that there was a payment delay, and denies the remaining factual allegations contained in Paragraph 13 of the Complaint.
11. The Debtor admits the factual allegations contained in Paragraph 14 of the Complaint.
12. The Debtor denies the factual allegations contained in Paragraph 15 of the Complaint and further alleges that any discussions had during settlement negotiations is confidential and inadmissible evidence pursuant to Rule 408.
13. The Debtor is unable to admit or deny what efforts Vitol may or may not have made in their collection efforts as alleged in Paragraph 16 of the Complaint.
14. The Debtor admits that he was served with discovery, admits that the Court ordered him to respond to discovery, admits that he did not appear at a deposition, and denies the remaining factual allegations contained in Paragraph 17 of the Complaint.
15. The Debtor is unable to admit or deny what efforts Vitol may or may not have made, and the Debtor further denies the remaining factual allegations as they are inadmissible pursuant to Rule 408, as alleged in Paragraph 18 of the Complaint.
16. The Debtor is unable to admit or deny what Vitol may or may not have received as alleged in Paragraph 19 of the Complaint.
17. The Debtor admits the factual allegations contained in Paragraph 20 of the Complaint.
18. The Debtor denies the factual allegations contained in Paragraphs 21 – 39 of the Complaint.

Dated: October 13, 2021.

                                          Respectfully submitted,

                                          By: */s/ Miriam Goott*

                                          Miriam Goott  
                                          SBN#24048846  
                                          COUNSEL FOR DEFENDANT

OF COUNSEL:  
WALKER & PATTERSON, P.C.  
P.O. Box 61301  
Houston, TX 77208-1301  
(713) 956-5577  
(713) 956-5570 (fax)  
mgoott@walkerandpatterson.com