IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | CASE NO. 21-60025 |
| ARTHUR J. BRASS DEBTOR | § § § § | |
| VITOL INC. Plaintiff v. | § § § § § | ADVERSARY NO. 21-06006 |
| ARTHUR J. BRASS Defendants | § § § | |

**DEFENDANT'S MOTION TO STRIKE DEPOSITION
TESTIMONY AND WITNESS FROM TRIAL**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**COMES NOW, Arthur J. Brass** (the **"Debtor" or "Defendant"**) and files this *Motion to Strike Deposition Testimony and Witness from Trial*, and respectfully shows the Court the following.

#### SUMMARY OF FACTS AND RELIEF REQUESTED

After the close of discovery, the Court allowed Vitol to depose a witness and limited Vitol to asking questions regarding five specific documents which were attached to Vitol's *Motion to Extend Discovery* (Docket No. 52) (the, "**Motion**"). During the deposition, Vitol attempted to use an excel spreadsheet which they claimed was the native file of Exhibit 3 that was attached to the Motion. In response, Defendant requested an emergency hearing during the Deposition, and the Court determined that the use of the native file would only be allowed if Vitol provided the Court with the following evidence: 1) the Excel spreadsheet was the native file of Exhibit 3 attached to Vitol's Motion; and 2) the native file Vitol was attempting to use during the deposition was previously produced to the Defendant.

As discussed in detail below, Vitol has failed to satisfy the Court's straightforward conditions. Therefore, the Defendant requests an Order excluding the deposition testimony of Mr. Tomaszewski at trial, and excluding him as a witness at trial.

#### BACKGROUND FACTS

1. Vitol filed its Adversary Proceeding against the Debtor on July 9, 2021 (the, "**Adversary**").
2. Discovery concluded on February 14, 2022.

**Vitol's Motion to Extend Discovery**

3. On April 5, 2022, Vitol filed its *Motion to Extend Discovery* (the, **"Motion"**), and asked this Court for permission to depose Mr. Tomaszewski.
4. In its Motion, Vitol argued that they need to depose Mr. Tomaszewski in order to **authenticate** very specific financial records that were attached to the Motion.
5. The Court set the Motion for an evidentiary hearing and Vitol failed to file a witness and exhibit list, failed to offer any evidence, and did not adduce any testimony from a witness at the hearing. However, Vitol provided the Court with an explanation regarding the prejudice that would be caused to Vitol if the Motion was not granted.
6. The Court subsequently granted the Motion, but significantly limited the relief requested by only allowing Vitol to depose the witness on specific financial documents identified as Exhibits 3, 7, 8, 9 and 10 to the Motion ("**Order**"). *See Attached Exhibit 1*

**DEPOSITION**

7. On April 25, 2022, Vitol deposed Mr. Tomaszewski (the, "**Deposition**"). Within the first ten minutes of the Deposition, Vitol's counsel began questioning Mr. Tomaszewski about an Excel spreadsheet that was **not** one of the specific documents referenced in the Order.

8. The following exchange took place at the beginning of the Deposition: (*See Attached Exhibit 2*)

| | |
|---|---|
| **Vitol's Counsel:** | Mr. Tomaszewski, I'm going to put on the screen an electronic copy of the same document. It will be an Excel spreadsheet. We're going to call this Exhibit 3. Obviously I have nothing to hand you, as I have with the first two exhibits. |

*(Exhibit 3, Excel Spreadsheet, was marked for identification.)*

| | |
|---|---|
| **Ms. Goott:** | Brad, what are you pulling up? |
| **Vitol's Counsel:** | The electronic version of this document. |
| **Ms. Goott:** | That was not what was allowed. The court specifically said that you could depose him about Exhibits 3, 7, 8, 9 and 10. This is not one of those exhibits, correct? |
| **Vitol's Counsel:** | No, this is. This is Exhibit 3 to my motion. |
| **Ms. Goott:** | Well, Exhibit 3 to your motion was not an excel document. It was a pdf document. |
| **Vitol's Counsel:** | It's a printout of the same thing. |
| …. | |
| **Ms. Goott:** | If you want to pull up Exhibit 3, we can do that. But you can't pull up a different document. I don't know what that is. |

> **Vitol's Counsel:** So this – this is the same document.

9. Vitol's counsel represented that the Excel Spreadsheet that he wanted to use during the Deposition was the "same thing" as Exhibit 3 to the Motion. Defendant's counsel objected to the use of the Excel spreadsheet as this was not one of the specific documents allowed by the Court in the Order.

### EMERGENCY HEARING DURING DEPOSITION

10. The Parties took a break during the Deposition and contacted the Court requesting an emergency hearing regarding Vitol's attempted use of the Excel spreadsheet to authenticate a document that was not specifically permitted by the Court in the Order ("**Emergency Hearing**").

11. During the Emergency Hearing, Vitol's counsel represented to the Court that he was merely using the Excel spreadsheet during the Deposition because it was the native file of Exhibit 3 attached to the Motion, and that the Excel spreadsheet contained the "same information" contained in Exhibit 3 attached to the Motion (the, "**Spreadsheet**").

12. The Court stated that the Spreadsheet could not be used during the Deposition unless Vitol previously provided the Spreadsheet to Defendant's counsel.

13. During the Emergency Hearing, Vitol's counsel was unable to confirm whether the Spreadsheet had in fact been previously produced to Defendant.

14. The Court then gave Vitol thirty minutes to verify whether the Spreadsheet had been previously produced, and continued the Emergency Hearing for thirty minutes.

15. During the thirty-minute break, Vitol's counsel emailed the Spreadsheet that he was using during the Deposition to Defendant's counsel, and stated, "*I am working on finding the transmittal but have not yet found it. Attached is the document I have been referencing ("***The Email***"). See Attached Exhibit 3*

    a. The Spreadsheet attached to the Email is titled, **"CONFIDENTIAL Bates GCAC 009845(1).xlsx"**. *See Email below*



**document**

Purcell, Bradley <BPurcell@reedsmith.com>   Mon, Apr 25, 2022 at 1:56 PM
To: Miriam Goott <mgoott@walkerandpatterson.com>

Miriam,

I am working on finding the transmittal but have not yet found it. Attached is the document I have been referencing

Brad

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01



CONFIDENTIAL Bates GCAC 009845 (1).xlsx
427K

## CONTINUED EMERGENCY HEARING

16. Thirty minutes later, the Court resumed the Emergency Hearing, and Vitol's counsel made the following representations to the Court:
    a. He was not yet able to determine whether the Spreadsheet had been previously produced, but was searching for this information.
    b. He just emailed the Spreadsheet to Defendant's counsel and that this Spreadsheet was the same spreadsheet that he believed was previously produced to the Defendant in October, 2021.
    c. He wanted to go forward with the Deposition using the Spreadsheet that was attached to the Email and understood that if it was later determined that the Spreadsheet had **not** been previously produced in October, 2021, that the witness' testimony would be stricken.
17. The Court then gave the Parties the following instructions:
    a. The Parties could go forward with the Deposition;

    b. Vitol was to file a Notice by the end of the day showing that the Spreadsheet was produced to the Defendant in October, 2021, and this alleged native file is the native file for Exhibit 3; and

    c. The witness's deposition testimony would not be admissible at trial if Vitol failed to prove prior production of the excel spreadsheet or the identity was not verified.

**DEPOSITION RESUMED**

18. After the Emergency Hearing concluded, the Parties resumed the Deposition of Mr. Tomaszewski.

19. During the Deposition, Vitol's counsel displayed and referred to the Spreadsheet that was attached to the Email.

20. During the Deposition, Vitol's counsel asked Mr. Tomaszewski questions directly from the Spreadsheet attempting to authenticate the Spreadsheet which was labeled **"Confidential Bates GCAC00845"**. *See Exhibit 4*

21. The following testimony took place during the Deposition, after the Emergency Hearing concluded:

| | |
|---|---|
| **Vitol's Counsel:** | Mr. Tomaszewski, can you please confirm the name of this file is "Confidential Bates GCAC00845"? |
| **Mr. Tomaszewski:** | Yes. |
| … | |
| **Vitol's Counsel:** | Mr. Tomaszewski, I'm going to ask you a few questions about this Excel spreadsheet. At any time, if you -- to answer my question, if you need to scroll one way or the other or zoom in or out, would you please tell me? |
| **Mr. Tomaszewski:** | Yes. |
| **Vitol's Counsel:** | Ok. |

| | |
|---|---|
| **Vitol's Counsel:** | Mr. Tomaszewski, do you recognize this Excel spreadsheet we marked as Exhibit 3? |
| **Mr. Tomaszewski:** | Yes. |
| … | |
| **Vitol's Counsel:** | Mr. Tomaszewski, does this appear to be a portion of GCAC's general ledger? |
| **Mr. Tomaszewski:** | Yes. |

## NOTICE FILED BY VITOL

22. After the conclusion of the Deposition, Vitol filed a Notice with the Court and alleged that Vitol previously provided the Spreadsheet to Defendant on October 29, 2021 and that the Spreadsheet is the native file for Exhibit 3 (Docket No. 61) ("**Notice**").

23. In the Notice, Vitol attaches multiple documents attempting to show that the Spreadsheet was provided to Defendant's counsel on October 29, 2021, and refers to the Spreadsheet as "GCAC009845".

24. However, the Spreadsheet used during the Deposition was not titled, "GCAC009845". The Spreadsheet used during the Deposition (and attached to the Email) had a different name - - "**Confidential Bates GCAC009845**"

25. A review of all of the attachments to Vitol's Notice, that purports to show that the Spreadsheet was previously produced, makes no reference to a document titled, "CONFIDENTIAL", that was put before the witness at the Deposition.

26. On April 26, 2022, Vitol filed its Supplemental Notice and attached a sworn declaration by its counsel which states that "Vitol produced 98,078 pages of documents" to Defendant's counsel and "confirmed that the excel version of GCAC009845" was included among the almost 100,000 pages of Vitol's document dump.

27. Once again, Vitol's Supplement Notice failed to provide this Court with any evidence that the specific spreadsheet (labeled Confidential Bates GCAC009845") was actually served on the Defendant. *See attached Exhibit 5 – Paragraph 5.*

7

**FURTHER EVIDENCE THAT SPREADSHEET WAS NOT PRODUCED**

28. During the Emergency Hearing, Vitol's counsel represented that he was merely using the <u>native file</u> of Exhibit 3 attached to the Motion, and that the Spreadsheet was the "same thing" as Exhibit 3.

29. A review of the file properties of the Spreadsheet used during the Deposition shows that it was NOT the native file of Exhibit 3.

30. The file properties of the Spreadsheet used during the Deposition reflect:
    a. The Spreadsheet was created on April 21, 2022 at 12:48 PM and/or was modified removing important evidentiary metadata that would reflect by whom and when this document was actually created.
    b. Further, the file properties reflect that it was last modified at 1:56 PM, one minute prior to the Spreadsheet being emailed to Defendant's counsel, at 1:57 PM (See Email - Exhibit 2).

31. A screenshot of the file properties to the Spreadsheet emailed to Defendant's counsel and used during the Deposition is pasted below.



32. Vitol represented to this Court that this exact Spreadsheet was produced in October, 2021, a time when this document reflects it had not even been created (i.e. April 21, 2022 – four days before the Deposition).

33. A review of the very first line of the Spreadsheet (the alleged native file) that was used during the Deposition contains information that is nowhere to be found in Exhibit 3.

    a. The Spreadsheet contains 10 columns of information, whereas Exhibit 3 only contains 6 columns of information.

    b. More importantly, the data is not the same. For example, in Line 1 of the Spreadsheet there is an entry showing a beginning balance of $54,784.28 on July 1, 2017. However, Exhibit 3 does not contain any reference of a beginning balance in the amount of $54,784.28 anywhere in the exhibit. *See Exhibit 3 – Exhibit 3 of Vitol's Motion that does not include this beginning balance.*

c. Below are screenshots from the first page of the Spreadsheet and the first page of Exhibit 3 that highlight the obvious inconsistencies outlined above.

### FIRST PAGE OF SPREADSHEET



### FIRST PAGE OF EXHIBIT 3



10

**ADDITIONAL EVIDENCE THAT THE SPREADSHEET WAS NOT PREVIOUSLY PRODUCED**

34. In its first Notice, Vitol attached a declaration from Vitol's counsel, who swore that he searched his documents on his computer, found the Spreadsheet and swears that it was created on October 29, 2021 ("**Declaration**"). Within the Declaration, Vitol's counsel pasted a screenshot from his computer purporting showing that the Spreadsheet sent by Vitol to Debtor's counsel on October 29, 2021 had a <u>file size of 430 128</u>. *See Attached Exhibit 6, Page 5.*

35. However, the file properties of the Spreadsheet used during the Deposition shows the file size as <u>436 233</u>. Two different file sizes cannot be the same file.

```
Microsoft Windows [Version 10.0.22593.1]
(c) Microsoft Corporation. All rights reserved.

C:\Users\owner>cd c:\temp

c:\temp>dir /p
 Volume in drive C has no label.
 Volume Serial Number is C2A2-AEE4

 Directory of c:\temp

04/26/2022  03:55 PM    <DIR>          .
02/07/2022  10:17 AM             2,566 anats.pfx
04/26/2022  03:55 PM           436,233 CONFIDENTIAL Bates GCAC 009845 (1).xlsx
02/13/2022  11:28 PM    <DIR>          drivers
02/07/2022  10:15 AM    <DIR>          FRONT OFFICE DOCUMENTS
02/13/2022  11:27 PM        37,635,256 Intel-Rapid-Storage-Technology-Driver_YN5GD_WIN64_18.1.2.1034_A02_02 (1).EXE
02/13/2022  11:45 PM    <DIR>          PortableApps.comInstaller
02/13/2022  11:45 PM         2,716,224 PortableApps.comInstaller_3.5.27.paf (1).exe
02/13/2022  11:46 PM         2,716,224 PortableApps.comInstaller_3.5.27.paf.exe
02/14/2022  12:14 AM        27,870,528 pw1206-demo.exe
04/13/2022  10:52 AM    <DIR>          r220
               6 File(s)     71,377,031 bytes
               5 Dir(s)  122,895,282,176 bytes free

c:\temp>
```

**SUMMARY AND RELIEF REQUESTED**

36. This Court provided Vitol equitable relief to conduct limited discovery beyond the Court's deadline based upon representations made by Vitol to the Court for the sole purpose of authenticating specific financial documents.

37. This Court limited the documents to be used during the Deposition that were attached to the Motion.

38. Instead of using those documents, Vitol's counsel used an excel spreadsheet and represented to this Court and to Defendant's counsel that the Spreadsheet 1) was the native file to Exhibit 3 of the Motion; and was the "same thing" as Exhibit 3.

11

39. This Court's instruction was simple. Vitol was required to show this Court that the Spreadsheet was produced to the Defendant in October 29, 2021, and that the Spreadsheet (the alleged native file) contains the same information as Exhibit 3. Vitol's Notice does not do either one of these things.

40. In summary:
    a. The evidence attached to Vitol's Notices does not indicate that it is the same file as it has a different name (i.e. no reference to the file name of "CONFIDENTIAL").
    b. Data contained in the Spreadsheet is not found in Exhibit 3.
    c. The file sizes are not the same.
    d. The file properties of the Spreadsheet are inconsistent with being an original/native electronic file as it shows that it was
        i. Created four days prior to the Deposition (not in October, 2021), and
        ii. All information regarding the author of the Spreadsheet is omitted.

41. Based on the Court's instruction during the Emergency Hearing, the testimony of Mr. Tomaszewski should not be admissible at trial for Vitol's failure to comply with the Court's specific order. Vitol has been given multiple chances by this Court to address this issue, and Vitol has failed to comply.

42. Defendant asks this Court to deny the admission of the Deposition and exclude Mr. Tomaszewski as a witness from trial. *See Attached Proposed Order*

Dated: April 26, 2022

Respectfully submitted,

By: */s/ Miriam Goott*

Miriam Goott
SBN#24048846
COUNSEL FOR DEFENDANT

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
mgoott@walkerandpatterson.com

## **CERTIFICTE OF SERVICE**

I, Miriam Goott, hereby certify that on April 26, 2022, I served a copy of the Motion on Vitol's counsel via email.

By: */s/ Miriam Goott*
Miriam Goott