IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Arthur Jacob Brass, | § | Case No. 21-60025 |
| | § | |
| Debtor. | § | |
| | § | |
| Vitol, Inc., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. No. 21-06006 |
| | § | |
| Arthur Jacob Brass, | § | |
| Defendant. | § | |

**REQUEST FOR HEARING ON
OBJECTION TO SUBPOENA AND MOTION TO STRIKE**

Vitol, Inc. ("*Vitol*") requests a status conference or hearing, as appropriate, for the purpose of taking up the matter of Mr. Tomaszewski's objection to trial subpoena and, if necessary, the abated *Motion to Strike Deposition Testimony and Witness from Trial* [Docket No. 64] (the "*Motion to Strike*"), and respectfully states as follows:

1.  This request follows from the Court's ruling at the July 8, 2022 hearing on the Defendant's Motion to Strike and the events following that hearing. At the suggestion of Defendant's counsel, the parties proposed at that hearing that the Motion to Strike might be practically resolved if the Court were to authorize Mr. Tomaszewski to attend trial by video. This, it was thought, might satisfy the requirements of Fed. R. Civ. P. 26 insofar as attendance by video would ensure that Mr. Tomaszewski "would not incur substantial expense" to comply with a trial subpoena. Fed. R. Civ. P. 26(c)(1)(B)(ii).

2.  Accordingly, on July 27, 2022, the Court entered an order (the "*July 27 Order*") authorizing Mr. Tomaszewski to appear and testify at trial in this adversary proceeding by video and instructing Vitol to issue and serve

Page 1

a copy of the July 27 Order upon Mr. Tomaszewski together with a corresponding subpoena. The July 27 Order granted Mr. Tomaszewski until August 10, 2022 to object to Plaintiff's subpoena, and directed further that the Motion to Strike would be abated pending further proceedings.

3. Consistent with the Court's instructions, Vitol issued a trial subpoena [Docket No. 87] that same day and served it on Mr. Tomaszewski together with a copy of the July 27 Order.

4. On August 4, 2022, Vitol's counsel received an email communication from Mr. Tomaszewski stating that he objected to the trial subpoena "due to health problems." On August 9, 2022, Vitol's counsel published Mr. Tomaszewski's objection to the Court by filing it on the docket [Docket No. 92]. Prior to receiving the email communication Vitol's counsel received a phone call from Mr. Tomaszewski alerting them that he was in the hospital. Upon information and belief, Mr. Tomaszewski has since been discharged from the hospital, but Vitol has no other or independent knowledge of the nature or severity of Mr. Tomaszewski's alleged health issues.

5. Nevertheless, Vitol's understanding of the current procedural posture is that Mr. Tomaszewski has objected to the trial subpoena and does not intend to appear at trial. Mr. Tomaszewski is not a party in this adversary proceeding and, upon information and belief, is not represented by counsel. Moreover, given both the unusual nature of the trial subpoena (which relies on the use of video conferencing to alleviate the effect of the 100-mile rule under Rule 26(c)(1)) and indications that Mr. Tomaszewski may be dealing with a significant (thought unidentified) health concern, Vitol is loath to seek to compel Mr. Tomaszewski to testify and certainly has no desire to seek to hold Mr. Tomaszewski contempt should he ignore the legal effect of the trial subpoena.

6. Accordingly, Vitol submits that Mr. Tomaszewski may be considered "unavailable" as a witness under one or more subparagraphs of Fed. R. Civ. P. 32(a)(4) because—

    (a) "the witness is more than 100 miles from the place of hearing or trial or is outside the United States," *see* Fed. R. Civ. P. 32(a)(4)(B);

    (b) "the witness cannot attend or testify because of age, illness, infirmity, or imprisonment, *see* Fed. R. Civ. P. 32(a)(4)(C); and

    (c) "the party offering the deposition could not procure the witness's attendance by subpoena," *see* Fed. R. Civ. P. 32(a)(4)(D).

As such, his prior deposition would ordinarily be considered admissible as a matter of course by operation of Fed. R. Civ. P. 32(a)(4). Regardless, it would be grossly inequitable to strike his testimony entirely as requested in the Motion to Strike insofar as Vitol has attempted—at Defendant's request—to instead subpoena Mr. Tomaszewski to attend trial. For this reason, it may now be appropriate for the Court to take up the Motion to Strike again in order to deny that motion as Plaintiff previously urged.

7. Vitol believes that the current procedural posture of these issues requires no further filing or briefing at this time, nor any further request for affirmative relief. The Motion to Strike, being merely abated, remains a live and fully-briefed motion; and the subpoena, being the subject of an apparent objection, requires no further action beyond a request for hearing to allow the Court to take up the matter.

WHEREFORE, Vitol requests a status conference or hearing, as appropriate, so that the parties may address this procedural issue sufficiently in advance of trial to inform their ongoing trial preparations.

Dated: August 15, 2022

Respectfully submitted,

**REED SMITH LLP**

By: /s/ Michael P. Cooley
Keith M. Aurzada (SBN 24009880)
Michael P. Cooley (SBN 24034388)
Bradley J. Purcell (SBN 24063965)
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
T: 469.680.4200
F: 469.680.4299
kaurzada@reedsmith.com
mpcooley@reedsmith.com
bpurcell@reedsmith.com

and

Michael H. Bernick (SBN 24078277)
Mason W. Malpass (SBN 24109502)
811 Main Street, Suite 1700
Houston, TX 77002
T: 713.469.3834
F: 713.469.3899
mbernick@reedsmith.com
mmalpass@reedsmith.com

*Attorneys for Vitol Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 15, 2022 a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing (ECF) system upon all parties registered to receive electronic notices in this case, including counsel for Plaintiff.

/s/ Michael P. Cooley
Michael P. Cooley