United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 22, 2022
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 21-60025 |
| ARTHUR JACOB BRASS, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| VITOL INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 21-06006 |
| | § | |
| ARTHUR JACOB BRASS, | § | |
| | § | |
| Defendant. | § | |

**Order Denying Motion to Strike**
**(Re: Docket No. 64)**

Brass moved to strike John Tomaszewski's deposition testimony and to exclude Tomaszewski as a trial witness.[1] Brass claims Vitol's counsel showed Tomaszewski a document during a deposition that was either not produced or was not the same document produced to Brass's counsel. Vitol disagrees.

The Court conducted a hearing in June 2022 and took the matter under advisement. Before the Court ruled, the parties proposed to resolve their dispute by seeking an order permitting Tomaszewski to attend trial and testify by video. On July 27, the Court entered an order authorizing Tomaszewski to appear and testify at trial under a subpoena.[2] Tomaszewski lives more than 100 miles from the Court, so the order allowed him to object to the subpoena.[3] In essence, the July 27 order determined whether Tomaszewski would voluntarily agree to testify at trial. If yes, the motion to strike was considered resolved between the parties. If no, then the Court would rule on the motion to strike. On August 9, Vitol filed a notice attaching

---

[1] Docket No. 64.

[2] Docket No. 86.

[3] *Id.* Federal Rule of Bankruptcy Procedure 9016 incorporates Federal Rule of Civil Procedure 45 in this case. FED. R. BANKR. P. 9016. Rule 45 limits the subpoena power to the judicial district and places outside the district that are within 100 miles of the place of trial or hearing. FED. R. CIV. P. 45(c)(1).

an email from Tomaszewski stating, "I hereby object to the subpoena in the above referenced case due to health problems."[4] Based on Tomaszewski's objection, the Court will not enforce the subpoena. Tomaszewski is not required by this Court to appear at trial by video and the Federal Rules of Bankruptcy Procedure do not compel him to appear either. Thus, the Court must rule on the motion to strike as to Tomaszewski's deposition testimony.

Vitol requested a status conference on the motion to strike before the August 24 pretrial conference and Brass objected. This Order moots any need for a status conference.

## Discussion

The Court permitted Vitol to depose Tomaszewski for two hours about five documents identified in Vitol's Motion to Extend Discovery at Docket No. 52.[5] The deposition topics were limited to: (i) understanding GCAC financial documents identified on Exhibits 3, 7, 8, 9, and 10 to the Motion to Extend Discovery; (ii) establishing the accuracy of these documents; and (iii) confirming the sources and uses of the documents.[6]

During Tomaszewski's deposition, Vitol's counsel showed him an Excel spreadsheet purporting to be the native file of Exhibit 3. Brass's counsel objected and contacted the Court during the deposition. The Court allowed Vitol's counsel to ask Tomaszewski questions using the native file.[7] But Vitol had to file proof on the docket that the native file was previously produced to Brass's counsel. If it was produced, then no issues. If not, then the Court would strike Tomaszewski's testimony about unproduced documents. Vitol filed a statement verifying that the native file was produced to Brass in October 2021.[8]

The native file at issue is GCAC 009845. It is an Excel spreadsheet consisting of a company ledger with thousands of cells of financial data. The file was first produced to Vitol in prepetition state court litigation between Vitol and Brass. Vitol then produced these documents to Brass's bankruptcy counsel in this adversary proceeding.

---

[4] Docket. No. 92.

[5] Docket No. 54, Order Granting Vitol, Inc.'s Expedited Motion to Extend Discovery.

[6] *Id.*

[7] The document at issue was referenced as Exhibit 3 in the Motion. It was attached in pdf form because the native file was too large to file on the docket. The Court's order allowed Vitol to use documents "identified" as exhibits to the Motion to Extend Discovery. So Vitol could use the native version, rather than just the limited pdf version, if it was previously produced to Brass's counsel.

[8] Docket No. 61.

Brass argues that the document shown during Tomaszewki's deposition was not the same document produced to Brass's counsel. Brass notes that the document produced by Vitol was labeled "GCAC 009845." But the document shown to Tomaszewski during the deposition was labeled "CONFIDENTIAL Bates GCAC 009845." The difference between the two labels is the additional "CONFIDENTIAL Bates."

Brass further argues that the file properties of CONFIDENTIAL Bates GCAC 009845 used during the deposition reflect that it was either created around the date of the deposition or was modified removing evidentiary metadata that would reflect by whom and when it was created. The document produced by Vitol to Brass's counsel in October 2021 had a file size of 430,128. But the file size of the document used during the deposition was 436,233. According to Vitol, different file sizes prove they are not the same document.

James Tolbert, a Senior Litigation Technology Services Analyst at Reed Smith LLP, testified in support of Vitol's objection to the motion to strike. His testimony was very credible. Tolbert testified about the process Reed Smith undertook in connection with GCAC 009845 when it was produced to Brass's counsel and used during Tomaszewski's deposition.

Tolbert testified that to provide the state court litigation documents to Brass's counsel, he exported files from Reed Smith's Relativity software database and then compressed them into Zip files. The Zip files were then uploaded to a secure file sharing site called "Share File." Tolbert then used Share File to email Brass's counsel a link to download the Zip files in October 2021. This Zip file included GCAC 009845 in a native Excel format. Tolbert also testified that Brass's counsel received this document in native form with all the original metadata.[9]

Turning to the specific issues before the Court:

1. Is there any difference between the contents of the spreadsheet shown to Tomaszewski versus the spreadsheet produced to Brass's counsel?

Tolbert testified that there is no difference in the contents of the spreadsheet shown to Tomaszewski during the deposition and produced to Brass's counsel. Tolbert conducted an electronic comparison between the two spreadsheets that revealed no changes.

---

[9] Brass argued in the motion to strike that GCAC 009845 was not produced. Based on Tolbert's testimony and the record, GCAC 009845 was produced to Brass's counsel in October 2021. The remaining objection is whether the produced version of GCAC 009845 is different from the copy shown to Tomaszewski during the deposition that warrants striking his deposition testimony.

During the June 2 hearing, the Court learned that Brass's counsel no longer had electronic access to the Share File with GCAC 009845. So the Court required Reed Smith to immediately provide Brass's counsel access again to allow Brass an opportunity to conduct an independent comparison. To date, no party has identified a difference in the contents of the spreadsheet. Thus, the Court finds that the copy of GCAC 009845 shown to Tomaszewski during the deposition was not improper. It is also not a valid basis to strike Tomaszewski's deposition testimony.

2. What about the additional "CONFIDENTIAL Bates" label?

Tolbert testified that to maintain a confidential designation in the native Excel file, the Relativity software used by Reed Smith adds the phrase "CONFIDENTIAL Bates" in the title of a native file when it is downloaded. Thus, when GCAC 009845 is downloaded directly from Relativity, the resulting file is named CONFIDENTIAL Bates GCAC 009845. But if the file is not downloaded from Relativity, and instead extracted directly from a Zip file sent to Brass's counsel, the title remains GCAC 009845 and the phrase "CONFIDENTIAL Bates" is not added. The name change turns on how the spreadsheet was transported from Relativity and does not change the contents in the spreadsheet. Thus, this is a distinction without a meaningful difference and is not a valid basis to strike Tomaszewski's deposition testimony.

3. What about the difference in the size of the file and the change in metadata?

Brass argues that the small change in the size of the metadata makes the documents different. But Tolbert testified credibly that the metadata differences relate to downloading the document directly from Relativity versus emailing the document using the law firm system. Tolbert testified that Reed Smith uses an automated email filter when files and documents are sent to external addresses. The email filter scans outgoing files and changes some metadata that may impact file size, such as adding a new party handling the document.

4

Again, there is no change to the contents of the spreadsheet. This Court also finds nothing improper or extraordinary about Reed Smith's process. Brass had access to the original metadata in GCAC 009845 since October 2021. And there is no evidence that Tomaszewski was even asked questions about metadata, but instead was asked about the contents of the spreadsheet (i.e., the ledger). Saving and downloading information creating immaterial differences not mentioned in a deposition did not prejudice Brass. It is also not a valid basis to strike Tomaszewski's deposition testimony. Thus, the motion to strike is denied.

Signed: August 22, 2022

_____
Christopher Lopez
United States Bankruptcy Judge