# SECOND CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL GLOBAL RELEASE

This Second Confidential Settlement Agreement and Mutual Global Release ("Agreement") is entered into by and among Gulf Coast Asphalt Company, LLC ("GCAC"), Arthur J. Brass ("Brass"), and Trifinery, Inc. ("Trifinery"; collectively, the "Brass Parties"), jointly and severally, on one hand, and Vitol Inc. ("Vitol"), on the other hand. Collectively, the Brass Parties and Vitol will be referred to as the "Parties" and each individually as a "Party."

## Definitions

The Parties agree to these definitions:

1. The **"Brass Released Parties"** means GCAC, Brass, and Trifinery and each of their current and past directors, officers, shareholders, managers, owners, committee members, attorneys, employees, insurers, accountants, reinsurers, agents, trusts, trustees, brokers, legal representatives, administrators, successors, heirs, beneficiaries, executors, affiliated entities, and assigns.

2. The **"Vitol Released Parties"** means Vitol and its current and past directors, officers, shareholders, managers, owners, committee members, attorneys, employees, insurers, accountants, reinsurers, agents, trusts, trustees, brokers, legal representatives, administrators, successors, heirs, beneficiaries, executors, affiliated entities (including without limitation, VALT), and assigns.

3. The **"Lawsuit"** means Cause No. 2018-31578, *Gulf Coast Asphalt Company, LLC v. Vitol Inc., v. Arthur J. Brass and Trifinery, Inc.* in the 295th Judicial District Court of Harris County, Texas.

4. **"Vitol's Released Claims"** means any claim or causes of action against the Brass Released Parties for damages (including but not limited to actual damages, compensatory damages, statutory damages, or punitive damages), attorneys' fees, pre- or post-judgment interest, court costs, or any other equitable or common-law relief, that arise out of, relate to or are based on the transactions and allegations in the Lawsuit. Vitol's Released Claims specifically include, but are not limited to, claims or causes of action whether known or unknown, fixed or contingent, liquidated or unliquidated, and whether asserted or unasserted that Vitol has or could have asserted in the Lawsuit or that may accrue in the future. Vitol's Released Claims also specifically include, but are not limited to, the following: any claims under Chapter 24 of the Texas Business and Commerce Code, as well as any other federal, state or local statutes, laws or ordinances; any tort claims (including but not limited to claims for negligence, fraud, defamation, and intentional or negligent misrepresentation) (except related to this Agreement); and any claims for breach of contract (except for breach of this Agreement), quasi-contract, or breach of express or implied duties of good faith and fair dealing.

5. **"Brass Parties' Released Claims"** means any claim or causes of action against the Vitol Released Parties for damages (including but not limited to actual damages, compensatory damages, statutory damages, or punitive damages), attorneys' fees, pre- or post-judgment interests, court costs, or any other equitable or common-law relief, that arise out of, relate to or are based on the transactions and allegations in the Lawsuit. Brass Parties' Released Claims specifically include, but are not limited to, claims or causes of action whether known or unknown, fixed or contingent, liquidated or unliquidated, and whether asserted or unasserted that the Brass Parties have or could have asserted in this Lawsuit or that may accrue in the future. Brass Parties' Released Claims also specifically include but are not limited to the following: breach of contract, negligent misrepresentations, as well as any other federal, state or local statutes, laws or ordinances; any tort claims (including, but not limited to, claims for negligence, fraud, defamation, and intentional or negligent misrepresentation) (except related to this Agreement); and any other claims for breach of contract (except for breach of this Agreement), quasi-contract, or breach of express or implied duties of good faith and fair dealing.

## Settlement, Release, and Agreed Final Judgment

In consideration of the mutual promises and covenants herein, the Parties agree as follows:

1. The Parties desire to settle all claims asserted in the Lawsuit, and any claims that could have been asserted arising out of the transactions and related events forming the basis of the claims asserted in the Lawsuit solely to avoid the expense of further investigation or litigation.

2. The Brass Parties recognize and accept that they jointly and severally owe Vitol $10,000,000 related to claims asserted by Vitol against the Brass Parties in the Lawsuit, and the Brass Parties agree to the entry of the Agreed Final Judgment attached as **Exhibit A**, subject only to paragraph 5, below. The Brass Parties agree that the Agreed Final Judgment is not appealable and waive any right to appeal.

3. In consideration for this Agreement, the Brass Parties hereby release, hold harmless, and forever discharge the Vitol Released Parties from Brass Parties' Released Claims.

4. In consideration of the Agreed Final Judgment and the right to file, enforce, execute, and collect payment on the Agreed Final Judgment until the Agreed Final Judgment is fully satisfied, Vitol hereby releases, holds harmless, and forever discharges the Brass Released Parties from Vitol's Released Claims. Nothing in this Agreement will be construed as a release or waiver of Vitol's absolute rights to enforce, execute or collect on the Agreed Final Judgment until the Agreed Final Judgment is fully satisfied, subject only to the limitation in paragraph 5, below.

5. Vitol will not file the Agreed Final Judgment until after 11:59pm on November 17, 2020.

6. On or after November 18, 2020, Vitol may, in its sole and absolute discretion, file the Agreed Final Judgment and pursue execution, enforcement and collection of the

Agreement Final Judgment. Any delay by Vitol in filing, executing, enforcing or collecting on the Agreed Final Judgment will not be deemed to be a waiver of Vitol's rights to file, enforce, and collect on the Agreed Final Judgment. Provided, however, that upon full satisfaction of the Agreed Final Judgment (i.e., the payment of $10 million and any accrued post-judgment interest to Vitol by the Brass Parties) Vitol's right to file, execute, enforce and collect on the Agreed Final Judgment shall expire.

7. This Agreement supersedes (i) the Rule 11 Agreement dated September 15, 2020 and, (ii) Confidential Settlement Agreement and Mutual Global Release dated October 15, 2020 (including the agreed order attached thereto) ((i) and (ii) collectively the "Prior Settlement Agreements"). The Prior Settlement Agreements are void, unenforceable, and of no force and effect.

### Miscellaneous Provisions

1. **Entire Agreement; No Other Representations.** This Agreement contains the entire agreement between the Parties with respect to the matters hereto, and supersedes any prior or contemporaneous communications, agreements, commitments, obligations, understanding, or representations between the Parties with respect to such matters. Except as provided in this Agreement, the Parties have made no representations related to this Agreement. In entering into this Agreement, no Party has relied on any representations other than those contained in this Agreement.

2. **Authority.** The signatories to this Agreement below each represent and warrant that he or she is, on the date he or she signs this Agreement, duly authorized by all necessary and appropriate action to execute this Agreement on behalf of such Party and does so with full legal authority.

3. **Opportunity to Consult with Counsel.** The Parties have fully informed themselves of this Agreement's terms and conditions. The Parties have signed this Agreement after having been afforded the opportunity to consult with counsel of their choosing.

4. **Amendment.** This Agreement may be amended only by an instrument in writing that is signed by all Parties.

5. **Multiple Counterparts and Electronic Signature.** The Parties may execute this Agreement in multiple counterparts, including by electronic signature or scanned signature. Each copy will be deemed an original, but all copies together will constitute one and the same instrument.

6. **Choice of Law and Mandatory Venue.** The laws of the State of Texas govern all matters arising out of or relating to this Agreement, including its validity, interpretation, construction, performance, and enforcement, without giving effect to any conflict of law rules applicable in the State of Texas. The Parties agree that any lawsuit regarding or arising out of this Agreement or the claims released herein must be filed in, and the Parties consent to, Houston, Harris County, Texas as the exclusive venue. No other forum is permissible.

7. **Confidentiality.** The Parties shall not disclose to anyone, or provide anyone access to, any term or condition of this Agreement. The Parties acknowledge that the terms and conditions of this Agreement are sensitive and confidential, and must be held in the strictest confidence.

EXECUTED in multiple originals as of the 5th day of November, 2020 ("Effective Date").

_____
Arthur J. Brass, individually

TRIFINERY, INC.

_____
Arthur J. Brass, Owner

GULF COAST ASPHALT COMPANY, LLC

_____
Arthur J. Brass, President

VITOL INC.

By: _____
____Ben Marshall_____ NAME
_____CEO_____ TITLE

AB4

# Exhibit A

CAUSE No. 2018-31578

| | |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC<br>*Plaintiff*<br>v.<br>VITOL INC.,<br>*Defendant*<br><br>v.<br><br>ARTHUR J. BRASS AND TRIFINERY INC.,<br><br>*Third-party Defendants* | IN THE DISTRICT COURT OF<br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>295TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

On the date below, came to be heard this Agreed Final Judgment in the above-styled and numbered cause. The full names of the parties are Gulf Coast Asphalt Company, LLC ("GCAC"), Arthur J. Brass ("Brass"), Trifinery, Inc. ("Trifinery") (collectively the "Brass Parties"), and Vitol Inc. ("Vitol").

The Court has been informed that all matters have been resolved between and among the parties and that the parties have agreed that a final judgment, as set forth herein, should be entered disposing of all issues in this case. The Court, after reviewing all pleadings and materials before this Court, is of the opinion that this Agreed Final Judgment should be entered.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that a judgment be entered for Vitol against the Brass Parties, who are jointly and severally liable to Vitol, in the amount of $10,000,000 (ten million dollars and 00/100).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all writs and process for the enforcement and collection of this judgment may issue as necessary and that the

Officer, including deputies, charged with obeying the command of any such writ or process may do so by any reasonable means necessary to accomplish such task.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Vitol is entitled to post-judgment interest on said judgment to be computed at the rate of 5% per annum on the amount of the judgment, said interest to accrue as allowed by law from the date this judgment is signed until this judgment is satisfied.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Brass Parties shall bear the parties' court costs.

This is a final judgment, and disposes of all claims, requests for relief, and all parties. All relief not expressly granted in the final judgment is denied.

The Court retains jurisdiction to enforce this Agreed Final Judgment.

SIGNED this _____ day of _____, 2020.

_____
JUDGE PRESIDING

AGREED AS TO FORM, SUBSTANCE, AND ENTRY:

_____
William P. Maines
Neil E. Giles
HALL MAINES LUGRIN, P.C.
Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas 77056-6125
wmaines@hallmaineslugrin.com
ngiles@hallmaineslugrin.com
ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT
GULF COAST ASPHALT COMPANY, LLC

AGREED AS TO FORM, SUBSTANCE, AND ENTRY:

_____
Adam P. Schiffer
Schiffer Hicks Johnson, PLLC
700 Louisiana, Suite 2650
Houston, Texas 77002
aschiffer@shjlawfirm.com
adinnell@shjlawfirm.com
ATTORNEYS FOR THIRD-PARTY DEFENDANTS
ARTHUR J. BRASS AND TRIFINERY INC.

AGREED AS TO FORM, SUBSTANCE, AND ENTRY:

_____
Kenneth E. Broughton
State Bar No. 03087250
Michael H. Bernick
State Bar No. 24078227
Reed Smith LLP
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: 713.469.3800
Telecopier: 713.469.3899

kbroughton@reedsmith.com
mbernick@reedsmith.com
ATTORNEYS FOR DEFENDANT, COUNTER-PLAINTIFF,
AND THIRD-PARTY PLAINTIFF VITOL INC.