IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | CASE NO. 21-60025 |
| ARTHUR J. BRASS<br>DEBTOR | § § § § | |
| VITOL INC.<br>Plaintiff<br>v. | § § § § § | ADVERSARY NO. 21-06006 |
| ARTHUR J. BRASS<br>Defendants | § § § § | |

## DEFENDANT'S RESPONSE TO DZ JEWELRY, LLC'S MOTION TO QUASH

**COMES NOW,** Arthur J. Brass (the **"Debtor" or "Defendant"**) and files this Response to DZ Jewelry, LLC's *Motion to Quash*, and respectfully shows the Court the following.

### BACKGROUND FACTS

1. Vitol filed its Adversary Proceeding against the Debtor on July 9, 2021 (the, "**Adversary**").
2. Discovery concluded on **February 14, 2022**.
3. Vitol did not file a Motion to Extend Discovery to either depose or subpoena documents from DZ Jewelry, LLC ("**Zadok**").
4. Vitol and its counsel are well aware of their ability to seek such relief from the Court as this Court previously granted Vitol's Motion to Extend Discovery as it related to the deposition of Mr. Tomaszewski. *Exhibit A*

### SUBPOENA SERVED BY TRUSTEE, NOT VITOL

5. On July 8, 2022, nearly five months after the close of discovery in the Adversary, the Chapter 7 Trustee (not Vitol) served Zadok with a Subpoena. *Exhibit B*
6. The Chapter 7 Trustee's Subpoena was **not** served in the Adversary, but was instead served in the main bankruptcy case.
7. The Chapter 7 Trustee is not a party to the Adversary.

### DISCLOSURE OF WITNESS AND DOCUMENTS

8. Zadok was not disclosed in Vitol's Initial Disclosures. *Exhibit C*

1

9. Vitol never supplemented its Initial Disclosures in the Adversary to include Zadoks as a potential witness. *Exhibit D*

10. Four days ago, on August 22, 2022, Vitol filed its Witness and Exhibit List for trial, and for the first time disclosed that it intended on 1) calling Zadok as a witness at trial; and 2) intended on introducing documents that were allegedly received by the Chapter 7 Trustee in another proceeding, nearly five months after the close of discovery. *Exhibit E*

**ZADOK SUBPOENA TO TESTIFY**

11. This Court set a trial date in the Adversary on July 8, 2022.

12. Vitol waited until three business days before trial to serve Zadok with a trial subpoena. *Exhibit F*

13. Zadok justifiably filed its Motion to Quash on August 26, 2022 ("**Motion to Quash**").

14. Vitol filed its response to the Motion to Quash and in Paragraph 3 asserts (upon information and belief) that the Chapter 7 Trustee issued his subpoena to Zadok when he allegedly found dozens of boxes related to transactions between the Debtor and Zadok that were in the Debtor's landlord's possession.

15. However, Vitol conveniently failed to inform this Court that on June 23, 2022 (two months ago), Vitol's counsel personally accompanied the Chapter 7 Trustee to review the very same documents allegedly held by the Debtor's landlord. *Exhibit G*

16. If Vitol was truly surprised by the existence of the Zadok documents that they allegedly discovered two months ago, then Vitol should have 1) amended their disclosures; 2) filed a motion with this Court seeking permission to conduct additional discovery after the close of discovery as they did with Mr. Tomazewski; and 3) provided the Debtor with notice that they intend to call Zadok as a witness at trial.

17. Furthermore, Vitol asserts in its Response to the Motion to Quash, that their failure to comply with the rules is really the Debtor's fault. Vitol states that "*Debtor's counsel is trying to exploit in order to obfuscate the merits of the case*". Vitol apparently believes that the rules don't apply to them and if they do not comply it must be the Debtor's fault.

18. Finally, without ever having deposed Zadok, Vitol brazenly alleges in its Response that it is "*unsurprising that Zadok is resisting to testify in this matter given that his testimony would be offered against one of its most lucrative customers*". First, it is wholly inappropriate for Vitol to make disparaging remarks in a public filing about a third-party

witness who has nothing to do this with this litigation. Second, it is unclear how Vitol or its counsel has any personally knowledge regarding Zadok's intentions or whether Brass is really their "most lucrative customer".

### RULES VITOL HAS ASKED THIS COURT TO IGNORE

19. Once again Vitol is asking this Court to ignore the Federal Rules of Civil Procedure in order to accommodate their failure to comply with the rules.
    a. **Federal Rule of Civil Procedure 26(a)(1)** – A party **must** provide it their initial disclosures, without awaiting a discovery request, the name, address of phone number of each individual likely to have discoverable information.
        i. Vitol failed to disclose Zadok in its Initial Disclosures.
    b. **Federal Rule of Civil Procedure 26(e)** - A party who has made disclosures under Rule 26(a) **must** supplement its disclosures in a timely manner if the party learns of new information.
        i. Vitol failed to amend its Initial Disclosures to identify Zadok.
    c. **Federal Rule of Civil Procedure 26(a)(3)(B)** – Disclosures must be made **at least 30** days before trial.
        i. The documents that Vitol seeks to introduce, including a business records affidavit, were produced by Vitol to the Debtor on August 22, 2022, which is eight days before trial, not the required thirty-day deadline.
        ii. More importantly, Vitol admits that they are seeking to introduce documents and have Zadok authenticate documents that were obtained by Vitol months after the close of discovery.
    d. **Federal Rule of Civil Procedure 45(d)(3)**
        i. As outlined in Zadok's Motion to Quash, the subpoena issued on Zadok violates Rule 45(d)(3) which requires reasonable notice, especially to a third-party witness.

### SUMMARY

20. This Court instructed all of the parties in this case that the Federal Rules of Civil Procedure will apply at trial.

21. Vitol's attempt to introduce evidence and a witness that were only disclosed eight days before trial is the definition of prejudice and violates the above referenced rules.

22. The Debtor requests that the Court grants the Motion to Quash.

Dated: <u>August 26, 2022</u>

                                                                                                         Respectfully submitted,

                                                                                                         By: <u>*/s/ Miriam Goott*</u>

                                                                                                         Miriam Goott
                                                                                                         SBN#24048846
                                                                                                         COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
mgoott@walkerandpatterson.com


**CERTIFICTE OF SERVICE**

      I, Miriam Goott, hereby certify that on August 26, 2022, I served a copy of the Response on Vitol's counsel and Zadom's counsel via email.

                                                                                      By: <u>*/s/ Miriam Goott*</u>
                                                                                      Miriam Goott