IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| ARTHUR JACOB BRASS, | § § | Case No. 21-60025 |
| Debtor. | § § § | |
| VITOL INC. | § § § | |
| v. | § § | Adversary No. 21-06006 |
| ARTHUR JACOB BRASS | § § | |

**PLAINTIFF VITOL INC.'S TRIAL BRIEF ON ITS PRODUCTION OF THIRD-PARTY BUSINESS RECORDS TO DEFENDANT AND THEIR ADMISSIBILITY**

Vitol Inc. (the "*Vitol*" or "*Plaintiff*") files this trial brief regarding the production and transmission of third party business records and business records affidavits to clarify the record for the Court and respond to questions raised by the Court at trial and respectfully states as follows:

## I.
## PROCEDURAL BACKGROUND

1.  At trial on August 30, 2022, Vitol moved to admit its Exhibits 75-82 which are business records from seven third-parties through business records affidavits pursuant to Fed. R. Evid. 803(6) and 902(11). These third-parties provided banking services, accounting services, insurance, and sold jewelry to the Defendant and GCAC. The seven third-parties are:

- International Bank of Commerce   Vitol's Ex. 75
- Veritex Community Bank   Vitol's Ex. 76
- Chubb   Vitol's Ex. 77
- Zadok Jewelers   Vitol's Ex. 78
- IberiaBank   Vitol's Ex. 79
- Cadence Bank   Vitol's Ex. 80
- EEPB, PC   Vitol's Ex. 81 and 82

Page 1

2. On August 18, 2022, Vitol's counsel notified Defendant's counsel by email that Vitol intended introduce business records from the seven third parties identified above through the use of accompanying business records affidavits. While the parties dispute whether the business records were received by Defendant's counsel on that day, it is undisputed that Vitol gave the Defendant notice that Vitol would be seeking to admit records from IBC, Veritex, Chubb, Zadok, Iberia, Cadence, and EEPB through business records affidavits under Fed. R. Evid. 902(11) and 803(6). It is also undisputed that Debtor's counsel received Exhibits 75-82 on August 22, 2022 and that each of the exhibits contain a signed and executed business records affidavit.

3. At a pretrial conference on August 24, 2022, Defendant's counsel stated that the Defendant objected to the use of the business records affidavits but did not articulated a basis for such objection.

4. At the first day of trial, the Court expressed questions concerning whether the Debtor had access to the documents contained within Vitol's Exhibits 75-82 prior to the August 22, 2022 exhibit exchange. The answer is "YES," as detailed below.

## II.
## DEBTOR'S PRIOR ACCESS TO THE BUSINESS RECORDS

A. **International Bank of Commerce – Vitol's Ex. 75**

5. Vitol received documents from International Bank of Commerce ("***IBC***") pursuant to a subpoena served in connection with this proceeding. On February 10, 2022, Vitol provided these documents and the accompanying business record affidavit dated January 11, 2022 by IBC's custodian to Debtor's counsel via Sharefile, producing IBC documents labeled IBC_0000001 - IBC_0002799. This transmission is confirmed by a contemporaneous email from James Tolbert, a Senior Client Technology Solutions Analyst at Reed Smith, with whom this Court is familiar from the Motion to Strike and its related briefing. *See* Order Denying Motion to Strike at Dkt. 100.



6. The business record affidavit is located at IBC_0000006 and was produced to the Defendants on February 10, 2022 along with other documents from IBC. Vitol's Exhibit 75, which consists of IBC_0000001 - IBC_0002799, was downloaded by Defendant's Counsel on August 22, 2022.



B.  **Veritex – Vitol's Ex. 76**

7.  Vitol received documents from Veritex Community Bank ("Veritex") pursuant to a subpoena served in connection with this proceeding. Vitol provided these documents to the Defendant's counsel on January 28, 2022. This is confirmed both by a Sharefile transmission report and Sharefile activity logs which Reed Smith's IT department was able to recover.





8.  As shown by both the Sharefile report and the Sharefile log, the Zip file of Veritex Bank records was sent to Defendant's counsel on January 28, 2022. At the same time, Vitol also provided Defendant's counsel with documents from other third parties which Vitol obtained in discovery. Notably, the Sharefile log shows that Defendant's counsel downloaded documents from

Page 4

Mercuria, JPMC, and Hightower Securities on February 1, 2022, but there is no record that Defendant's counsel downloaded the Veritex documents which were sent the same day.

9. Although Vitol cannot establish with documentary evidence that the business records affidavit was included in the January 28, 2022 transmission as the link has expired and the affidavit was not bates labeled, Vitol states unequivocally that Defendant's counsel had access to the affidavit on August 22, 2022 and had access to the documents at issue since January 28, 2022. Moreover, there is confirmation that Defendant's counsel downloaded Vitol's Ex. 76 on August 22, 2022. The Veritex business records affidavit is located at the first two pages of Vitol's Ex. 76.[1]



**C.   Chubb – Vitol's Ex. 77**

10. Vitol received documents from Chubb, who issued insurance policies to Mr. Brass, pursuant to a subpoena served in connection with this proceeding. Vitol produced all of the Chubb documents along with the business records affidavit to Defendant's counsel on August 22, 2022 as Vitol's Ex. 77. Defendant's counsel downloaded Vitol's Ex. 77 the same day.

---

[1] The below excerpt, and all excerpts of the August 22, 2022 exhibit downloads, is from the same Sharefile report inserted above with the proof of IBC download.

Page 5

```
Name: Vitol Exhibit 077 - Chubb 000001-001174 - w BRA at last page.pdf
Size: 597.72 MB • Downloaded: 8/22/22 5:11p
User: M. Gooth
```

11. Notably, the file name for Vitol's Ex. 77 is "Chubb 000001-001174 – **w BRA [business records affidavit] at last page**." A review of Exhibit 77 confirms the fact that the affidavit is located at the last page of the exhibit. Vitol also provided parts of the Chubb production to Defendant prior the August 22, 2022 exchange. For instance, Mr. Brass was presented with pages Chubb 000143-Chubb 000174 at his deposition on March 25, 2022, where it was exhibit 12. Additionally, Vitol's counsel emailed a copy of Chubb 000143-Chubb 000174 to Defendant's counsel on April 18, 2022 in connection with a request for a 2004 examination.

12. As such, the Defendant has had access to all of the Chubb documents and the business records affidavit since August 22, 2022 and was specifically directed to the last page of Vitol's Ex. 77 for an opportunity to inspect the certification. Defendant also knew as of August 18, 2022 that Vitol intended to introduce documents from Chubb via a business records affidavit.

D.   **Zadok – Vitol's Ex. 78**

13. Vitol received the Zadok documents after the Trustee served a subpoena on Zadok Jewelers seeking documents related to jewelry purchased by the Defendant which may be part of the bankruptcy estate. On July 28, 2022, Max Beatty, the Trustee's counsel, produced the Zadok documents and the business records affidavit to the Defendant's counsel.

> From: Max Beatty <max@beattypc.com>
> Sent: Thursday, July 28, 2022 11:39 AM
> To: Miriam Goott
> Subject: Brass - Zadoks Production
> Attachments: Zadoks Production.pdf
>
> Miriam,
>
> Attached is a copy of the documents I received in response to the subpoena to Zadoks. I will also forward a copy of the business records affidavit once received.
>
> J. Maxwell Beatty
> THE BEATTY LAW FIRM PC

> From: Max Beatty <max@beattypc.com>
> Sent: Thursday, July 28, 2022 3:27 PM
> To: Miriam Goott
> Subject: RE: Brass - Zadoks Production
> Attachments: doc07266720220728152244.pdf
>
> Affidavit attached.
>
> J. Maxwell Beatty
> THE BEATTY LAW FIRM PC
> 1127 Eldridge Pkwy
> Suite 300, #383
> Houston, Texas 77077
> Phone: 832-529-3381
> Fax: 832-852-1266
> max@beattypc.com

14. On August 22, 2022, Vitol provided the Defendants with the full set of Zadok documents again as Vitol's Exhibit 78. The business records affidavit is the first page of Vitol's Exhibit 78. The Defendant's counsel downloaded Exhibit 78 on the day it was sent.

> Name: Vitol Exhibit 078 - 2022-07-28 - Zadok Business Records.pdf
> Size: 16.16 MB • Downloaded: 8/22/22 5:11p
> User: M. Goott

E.  Iberia – Vitol's Ex. 79

15. Although Vitol served a subpoena on IberiaBank ("Iberia") in December 2021, Vitol did not actually receive any documents from Iberia until August 16, 2022. As soon as Vitol had the complete set of documents from Iberia, it shared them with Defendant's counsel. These documents included a business records affidavit from Iberia's custodian.





16. Vitol provided the Iberia document to the Defendant again on August 22, 2022 during the exhibit exchange as Vitol's Ex. 79 and Defendant's counsel downloaded it the same day. The first two pages of Exhibit 79 are the business records affidavit.

> Name: **Vitol Exhibit 079 - IberiaAllProd w BRA**.pdf
> Size: 649.41 MB • Downloaded: 8/22/22 5:11p
> User: **M. Goott**

17. The title of the exhibit also indicates that it includes the business records affidavit.

**F.     Cadence - Vitol's Ex. 80**

18. Vitol received documents from Cadence Bank pursuant to a subpoena served in connection with this proceeding. Vitol provided these documents to the Defendant on February 10, 2022 at the same time Vitol transmitted the IBC documents. Specifically, Vitol sent documents labeled CADENCE_0000001-CADENCE_0000363 as confirmed by a contemporaneous email from James Tolbert.

> From: Tolbert, James E. Gravity Stack
> Sent: Thursday, February 10, 2022 5:28 PM
> To: Rhea, Shikendra B.; Robin, Lindsey L.; Purcell, Bradley
> Subject: RE: Vitol/Brass - document production
>
> Just circling back on this. These files were sent out today.
>
> | First Bates Value | Last Bates Value |
> |---|---|
> | CADENCE_0000001 | CADENCE_0000363 |
> | IBC_0000001 | IBC_0002799 |

19. As with Veritex, because the Cadence business records affidavit is not bates labeled, Vitol cannot definitively prove this earlier transmission included the affidavit; however, Vitol provided the Cadence documents a second time along with the business records affidavit during the exhibit exchange on August 22, 2022 as Vitol's Ex. 80. The business records affidavit is located at the first two pages of Exhibit 80. Defendant's counsel downloaded Exhibit 80 the same day it was sent.



20.     The title of the file expressly notes that it is accompanied by a business records affidavit ("W BRA").

**G.     EEPB - Vitol's Ex. 81 and 82**

21.     Vitol served a subpoena on EEPB during the state court litigation once Vitol learned that EEPB prepared GCAC's tax return and that it may have GCAC's financial statements – which GCAC asserted it did not possess. EEPB provided the documents to Vitol in the Fall of 2020 by sending a flash drive to Vitol. The documents from EEPB were not bates labeled when they were received but did include a business records affidavit. When Vitol downloaded the files from EEPB and then uploaded them to Relativity, the business records affidavit was given the control number 20201021_0000001 – indicating it was the first document. Vitol provided the Defendants with the EEPB documents as they were produced to Vitol on October 29, 2021 arranged by control number.





22. Vitol again provided the EEPB documents to the Defendant during the exhibit exchange on August 22, 2022 as Vitol's Exhibits 81 and 82. Exhibit 81 consists of the same documents sent on October 29, 2021 with the files named by the internal control numbers. For ease of reference, Vitol also provided a bates labeled set of the EEPB documents as its exhibit 82. For both exhibits, the business records affidavit is the first document.

### III.
### CONCLUSION

23. As the foregoing affirms, the Defendant was provided access to the vast majority of the business records Vitol seeks to admit under Fed. R. Evid. 902(11) and 803(6) for months. The Defendant has also had multiple of the business records affidavits for months as well. It cannot be disputed that by August 18, 2022 at the latest, the Defendant knew that Vitol intended to introduce documents from IBC, Veritex, Chubb, Zadok, Iberia, Cadence, and EEPB through business records affidavits.

24. The Defendant had access to all of the one- to two-page affidavits by no later than August 22, 2022. The affidavits are at the beginning of the exhibits for Veritex, Zadok, Iberia, Cadence, and EEPB. For IBC, the affidavit is at the sixth page and the Defendant was provided with the affidavit more than six months ago. While Defendant's counsel complained that the Chubb affidavit was at the final page of the Exhibit (indicating they were able to find it), the file name for Vitol's Exhibit 77 expressly stated the Chubb affidavit was on the last page.

25. As such, Vitol provided Defendant sufficient notice of Vitol's intention to rely upon business records affidavits, Vitol provided Defendant with the opportunity to access the underlying

business records well before trial, and even in the most charitable recounting of the facts, the Defendant has had eight days to inspect the records and affidavits – which is more than enough time to challenge them as a matter of law. The Defendant has not challenged the authenticity or accuracy of any of the documents and therefore cannot meet his burden under Fed. R. Evid. 803(6)(E) to show the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

26.     Therefore, Vitol respectfully requests the Court overrule Defendant's objections and admit Vitol Exhibits 75-82.

Dated: August 30, 2022

Respectfully submitted,

By: /s/ *Michael P. Cooley*
    Keith M. Aurzada (SBN 24009880)
    Michael P. Cooley (SBN 24034388)
    Bradley J. Purcell (SBN 24063965)
    Lindsey L. Robin (SBN 24091422)
    **REED SMITH LLP**
    2501 N. Harwood, Suite 1500
    Dallas, Texas 75201
    T: 469.680.4200
    F: 469.680.4299
    kaurzada@reedsmith.com
    mpcooley@reedsmith.com
    bpurcell@reedsmith.com
    lrobin@reedsmith.com

and

    Michael H. Bernick (SBN 24078277)
    Mason W. Malpass (SBN 24109502)
    **REED SMITH LLP**
    811 Main Street, Suite 1700
    Houston, TX 77002
    T: 713.469.3834
    F: 713.469.3899
    mbernick@reedsmith.com
    mmalpass@reedsmith.com

*Attorneys for Vitol Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 30, 2022, a true and correct copy of the forgoing document was served via the Court's Electronic Case Filing (ECF) system to all parties registered to receive electronic notices in this adversary proceeding, including counsel for the Defendant.

/s/ *Michael P. Cooley*
Michael P. Cooley