IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ARTHUR JACOB BRASS, | § | Case No. 21-60025 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| VITOL INC. | § | |
| | § | |
| v. | § | Adversary No. 21-06006 |
| | § | |
| ARTHUR JACOB BRASS | § | |

**PLAINTIFF VITOL INC.'S TRIAL BRIEF ON
THE LEGAL STANDARD APPLICABLE UNDER 11 U.S.C. § 523(A)(4)**

Vitol Inc. (the "*Vitol*" or "*Plaintiff*") files this trial brief regarding the applicable legal standard under 11 U.S.C. § 523(a)(4) for an objection to the dischargeability of a debt based on embezzlement and respectfully states as follows:

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

1.   Among other claims, Vitol objects to the dischargeability of Defendant's debt to Plaintiff under § 523(a)(4) because the Defendant embezzled property entrusted to his care—specifically, quantities of asphalt and related components from which Defendant converted to his personal use approximately $3.7 million in sale proceeds. *See* Joint Pretrial Statement [Docket No. 106] at p. 4. To the extent the Court were to conclude that the parties were engaged in a joint venture, Vitol contends that Defendant misappropriated funds otherwise belonging to the joint venture and, by extension, Vitol, which would have had a right to its share of the funds misappropriated by the Defendant to himself.

2. At trial, Defendant's counsel advanced the argument that Vitol's claim under § 523(a)(4) must fail because the Defendant was not an employee of Vitol. In fact, employment status is irrelevant to an embezzlement analysis under § 523(a)(4). Rather, the inquiry focuses on whether property was fraudulently appropriated by a person to whom the property was entrusted. *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 602-03 (5th Cir. 1998). Here, no matter the legal status of the Vitol-GCAC relationship, a claim under § 523(a)(4) based on embezzlement may be sustained by evidence demonstrating that Vitol entrusted property to the Defendant that was subsequently appropriated by the Defendant and converted to his own purposes.

## II.
## ARGUMENTS AND AUTHORITIES

3. In the Fifth Circuit, "embezzlement is defined for purposes of § 523(a)(4) as the 'fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.'" *Miller*, 156 F.3d at 602. Thus, a plaintiff may prevail on an embezzlement claim where "the debtor appropriated the [entrusted] property for a use other than that for which it was entrusted, and the circumstances indicate fraud." *Id.* at 603.

4. Contrary to Defendant's claims in Court, there is no requirement the person entrusted with the property be an employee of the plaintiff. For example, embezzlement has been found against: (a) restaurateurs who misappropriated working capital investments for personal use, *see McClung v. Castaneda (In re Castaneda)*, 638 B.R. 737, 746 (Bankr. S.D. Tex. 2022); (b) a party to a joint venture, *see Pool v. Johnson*, Civil Action No. 3:01-CV-1168-L, 2002 U.S. Dist. LEXIS 6613, at *10 (N.D. Tex. 2002); (c) the owner of a construction company working on a project with another company, *see Powers v. Caremark Inc. (In re Powers)*, 261 F. App'x 719, 720-21 (5th Cir. 2008); and (d) a daughter entrusted with access to her mother's brokerage

accounts, *see Winn v. Holdaway (In re Holdaway)*, No. H-08-1532, 2009 U.S. Dist. LEXIS 25167, at *13 (S.D. Tex. 2009).

5. Simply put, a debt may be held nondischargeable on an embezzlement claim regardless of whether an employer-employee relationship existed between plaintiff and defendant. Therefore, Vitol respectfully submits that, under applicable Fifth Circuit precedent, its claim under § 523(a)(4) is not defeated simply by the absence of any employer-employee relationship between Mr. Brass and Vitol. Rather, Vitol need only show that the Defendant was entrusted with property that he misappropriated under circumstances indicating fraud.

[This space left intentionally blank.]

Dated: September 28, 2022

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Keith M. Aurzada*
Keith M. Aurzada (SBN 24009880)
Michael P. Cooley (SBN 24034388)
Bradley J. Purcell (SBN 24063965)
Lindsey L. Robin (SBN 24091422)
2501 N. Harwood, Suite 1500
Dallas, Texas 75201
T: 469.680.4200
F: 469.680.4299
kaurzada@reedsmith.com
mpcooley@reedsmith.com
bpurcell@reedsmith.com
lrobin@reedsmith.com

and

Michael H. Bernick (SBN 24078277)
Mason W. Malpass (SBN 24109502)
811 Main Street, Suite 1700
Houston, TX 77002
T: 713.469.3834
F: 713.469.3899
mbernick@reedsmith.com
mmalpass@reedsmith.com

*Attorneys for Vitol Inc.*

### CERTIFICATE OF SERVICE

I certify that on September 28, 2022, a true and correct copy of the forgoing document was served via the Court's Electronic Case Filing (ECF) system to all parties registered to receive electronic notices in this adversary proceeding, including counsel for the Defendant.

*/s/ Michael P. Cooley*
Michael P. Cooley