## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **CIVIL ACTION 6:23-cv-00002** |
| **ARTHUR J. BRASS** | § § | |
| Debtor. | § § | **ADVERSARY NO. 21-06006** |
| **VITOL, INC.** | § § | |
| Plaintiff/Appellee, | § § | |
| v. | § § | |
| **ARTHUR J. BRASS** | § § | |
| Defendant/Appellant. | § § | |

### APPELLANT BRASS' DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL AND STATEMENT OF ISSUES

Arthur Brass ("Brass" or "Appellant"), having filed a timely *Notice Of Appeal* on January 4, 2021 (Adversary Docket #210), hereby designates the following items for inclusion in the record on appeal, and sets forth a statement of the issues he intends to present in the appeal:

**D**ESIGNATION **O**F **C**ONTENTS **O**F **R**ECORD

1. *Docket for Adversary 21-06006;*

2. *Notice Of Appeal* (Docket #210);

3. *Defendant's Motion For Summary Judgment,* with exhibits (Docket #58);

4. *Order Granting In Part And Denying In Part Motion For Summary Judgment* (Docket #79) entered June 24, 2022 (the "MSJ Order");

5. *Judgment And Order* (Docket #208) entered December 21, 2022 (the "Final

Judgment");

6. *Trial Transcript*, (Docket #145);

7. *Trial Transcript*, (Docket #147);

8. *Trial Transcript*, (Docket #148);

9. *Trial Transcript*, (Docket #152);

10. *Trial Transcript*, (Docket #161);

11. *Trial Transcript*, (Docket #165);

12. *Trial Transcript*, (Docket #200);

13. *Trial Transcript*, (Docket #205);

14. Plaintiff's Admitted Trial Exhibits;

15. Defendant's Admitted Trial Exhibits.

## STATEMENT OF ISSUES

1.     Did the Bankruptcy Court err in determining that the prepetition settlement and release between the parties did not preclude Appellee from seeking determination of nondischargeability of the debt?

2.     Did the Bankruptcy Court err in determining that the prepetition settlement and release did not operate as a novation?

3.     Did the Bankruptcy Court err in determining that the prepetition settlement and release did not resolve the issue of fraud, precluding the issue from a later claim of nondischargeability?

4.     Did the Bankruptcy Court err in determining that there was a debt subject to nondischargeability?

5.     Did the Bankruptcy Court err in finding actual fraud?

6.     Did the Bankruptcy Court err in determining the debt nondischargeable as actual fraud pursuant to 523(a)(2(A)?

7.      Did the Bankruptcy Court err in determining the debt nondischargeable as a

willful and malicious injury pursuant to 523(a)(6)?

Dated: <u>January 18, 2023.</u>

Respectfully submitted,

By: <u>/s/Johnie Patterson</u>

Johnie Patterson
SBN 15601700
Miriam Goott
SBN 24048846
ATTORNEY FOR APPELLANT

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Amended Designation was served upon all parties receiving electronic notice pursuant to the Courts CM/ECF notice system, including the Appellees, on January 18, 2023.

<u>/s/Johnie Patterson</u>
Johnie Patterson